**Nicanor Hernandez ESPARZA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71775.

United States Court of Appeals, Ninth Circuit.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**564**

Submitted Jan. 9, 2006.*

Decided Jan. 18, 2006.

Nicanor Hernandez Esparza, Bell Gardens, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Nicanor Hernandez Esparza, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals affirming without opinion the results of the immigration judge's order of removal and denial of his application for cancellation of removal. The immigration judge denied the application because he lacks the requisite qualifying relative under 8 U.S.C. § 1229b(b)(1).

Esparza contends that it violates equal protection to require aliens from Mexico to prove hardship to a qualifying relative when applicants from other countries are, under the Nicaraguan and Central American Relief Act ("NACARA"), exempt from this requirement. This contention lacks merit. *See Jimenez–Angeles v. Ashcroft,*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

291 F.3d 594, 602–603 (9th Cir.2002) (rejecting equal protection challenge to NACARA's favorable treatment of aliens from some countries over those from other countries including Mexico); *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001) (holding that NACARA's favoring aliens from specific war-torn countries must be upheld because it stems from rational diplomatic decision to encourage such aliens to remain in the United States).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**